<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD EASTERLING, | |
| Plaintiff, | Civil Action No. 16-4463  (JMV) |
| v. | **OPINION** |
| THE CITY OF NEWARK, NEW JERSEY, *et al*., | |
| Defendants. | |

APPEARANCES:

Donald Easterling,
Northern State Prison
168 Frontage Road, P.O. Box 2300
Newark, NJ 07115
    Plaintiff, pro se

VAZQUEZ, District Judge

Plaintiff Donald Easterling, an inmate confined in Northern State Prison in Newark, New Jersey, filed this civil rights action on July 22, 2016. (ECF No. 1.)  Plaintiff was granted *in forma pauperis* status, and the Complaint is now before the Court for review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), (b).

I.   COMPLAINT

Plaintiff alleges the following facts, accepted as true for purposes of screening the Complaint.  On July 30, 2014, around 3:00 p.m., Plaintiff went to the 99 Cent Zone store on 303 Clinton Avenue in Newark, New Jersey.  (ECF No. 1, ¶6(2.))   The store owner and two

accomplices attacked Plaintiff and beat him on the head and face, without cause.  (*Id.*, ¶6(3.)) Captain Richard Perez of the Newark Police Department arrived and shot Plaintiff in the back through the glass window of the store.  (*Id.*, ¶6(4.))  While bleeding profusely from the gunshot wound, Plaintiff was handcuffed and placed in the back of a patrol car.  (*Id.*, ¶6(7.))  Officers Barry Baker and Joao Oliveira of the Newark Police Department drove Plaintiff around in the patrol car instead of immediately taking him to the hospital. (*Id.*, 6(8.))  Plaintiff alleges "[p]art of the matter was covered up and concealed by all defendants involved in this complaint." (*Id.*, ¶6(2.))

Around 9:24 p.m. that evening, at the Essex County Veterans Courthouse, Detectives Rahsaan Johnson and Paul Ranges interrogated Plaintiff about a shooting that had occurred.  (*Id.*, ¶6(10.))  Plaintiff gave completely truthful answers during the interrogation, although he claims the defendants deprived him of the opportunity to prove the truth.  (ECF No. 1 at 5; ECF No. 1, ¶6(10.))  Detectives Johnson and Ranges used improper interrogation tactics to bait and entrap Plaintiff.  (*Id.*)

On April 17, 2015, Officer Dennis Dominguez of the Newark Police Department gave false testimony before a grand jury, concurring with the false police reports and evidence planted by the defendants.  (*Id.*, ¶6(12.))  The City of Newark and the Newark Police Department allowed their employees to give false testimony, falsify police reports, plant evidence, and tamper with and contaminate the evidence and the crime scene.  (*Id.*, ¶6(13.))

Plaintiff alleges the following causes of action against Defendants in their individual and official capacities.  (*Id.*, ¶6(1.))  Captain Richard Perez used excessive force when he shot Plaintiff in the back on July 30, 2014, which is an act of official misconduct in violation of N.J.S.A. 2C:30-

1 to 6.[1]  (*Id.*, ¶6(4-6.))  Officers Barry Baker and Joao Oliveira maliciously delayed Plaintiff's medical treatment, also an act of official misconduct under state law.  (*Id.*, ¶6(8-9.))  Detectives Rahsaan Johnson and Paul Ranges violated Plaintiff's constitutional rights by their interrogation tactics.  (*Id.*, ¶6(10-11.)  Officer Dennis Dominguez violated state law by giving false testimony to the grand jury.  (*Id.*, ¶6(12.))  The City of Newark and the Newark Police Department violated Plaintiff's constitutional rights by intentionally allowing their employees to give false testimony, falsify reports, plant evidence, and tamper with evidence and the crime scene.  (*Id.*, ¶6(13.))  Finally, Plaintiff alleges all defendants violated his constitutional rights to substantive due process, equal protection, the privileges and immunities clause, the state constitution, and the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. 10:6-1 *et seq.*  (*Id.*, ¶6(14.))  Plaintiff asserts jurisdiction under 42 U.S.C. §§ 1983, 1985 and 1986.

## II.   DISCUSSION

### A.   *Sua Sponte* Dismissal

Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), district courts must review complaints filed by prisoners in civil actions and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the

---

[1] N.J.S.A. 2C:30-1 was repealed, effective 1979. The Court will address Plaintiff's claims under N.J.S.A. 2C:30-2, the present codification of the crime of official misconduct.

3

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint" when determining whether a complaint can proceed. *Id.* Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

      B.      <u>Newark Police Department</u>

Police departments are administrative arms of municipalities and cannot be sued as a separate entity under 42 U.S.C. § 1983. <u>Padilla v. Township of Cherry Hill</u>, 110 F. App'x 272, 278 (3d Cir. 2004). The Court will dismiss with prejudice the § 1983 claims against the Newark Police Department.

      C.      <u>42 U.S.C. §§ 1985 and 1986</u>

42 U.S.C. § 1985, conspiracy to interfere with civil rights, provides in relevant part:

> (2) Obstructing justice; intimidating party, witness, or juror
>
> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict,

4

>presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;
>
>(3) Depriving persons of rights or privileges
>
>If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1986 provides, in relevant part:

>Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action . . . But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

Plaintiff generally alleges that Defendants conspired to deprive him of equal protection and privileges and immunities by covering up, giving false testimony, filing false police reports, using improper interrogation tactics, and planting evidence and tampering with evidence. To assert a

claim under § 1985(2) or (3), a plaintiff must allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006) (quoting Griffin v. Breckenridge, 403 U.S. 88, 101-02 (1971)). Plaintiff has not alleged Defendants acted with class-based discriminatory animus. "Having failed to state a claim under [§] 1985, a fortiori, [plaintiff has] failed to state a claim under [§] 1986." *J.D. Pflaumer, Inc. v. U.S. Dept. of Justice*, 450 F.Supp. 1125, 1131 (1978) (citing *Bethel v. Jendoco Construction Corp.*, 570 F.2d 1168 (3d Cir. 1978). Therefore, the Court will dismiss Plaintiff's Sections 1985 and 1986 claims without prejudice.

   D.  <u>42 U.S.C. § 1983</u>

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1998); <u>Malleus v. George</u>, 641 F.3d 560, 563 (3d Cir. 2011).

    1.  <u>Excessive Force under the Fourth Amendment</u>

"A cause of action exists under § 1983 when a law enforcement officer uses force so excessive that it violates the Fourth and Fourteenth Amendments to the United States

Constitution." *Groman v. Township of Manalpan*, 47 F.3d 628, 633-34 (3d Cir. 1995) (citing *Brown v. Borough of Chambersburg*, 903 F.2d 274, 277 (3d Cir. 1990)).  A police officer must use objectively reasonable force to effectuate an arrest. *Id.* at 634 (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)).  Reasonableness is determined based on the facts of the particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight. *Id.* (citing *Graham*, 490 U.S. at 397).

Accepting as true Plaintiff's allegation that he was being attacked by the store owner and his accomplices when Captain Perez shot Plaintiff in the back, he has adequately pled a Fourth Amendment excessive force claim.  Furthermore, Plaintiff's claim of excessive force by handcuffing him after he was shot will be allowed to proceed.  The Court notes Plaintiff has not identified who placed the handcuffs on him, although it can be inferred that it was Officer Baker or Officer Oliveira.

### 2.     Delay in Providing Medical Assistance

Plaintiff alleges Officers Baker and Oliveira drove him around in the patrol car before taking him to the hospital for treatment of the gunshot wound to his back.  "Failure to provide medical care to a person in custody can rise to the level of a constitutional violation under § 1983 only if that failure rises to the level of deliberate indifference to that person's serious medical needs." *Groman*, 47 F.3d at 636-37 (citing *Walmsley v. City of Phila.*, 872 F.2d 546, 551–52 (3d Cir.), *cert. denied*, 493 U.S. 955 (1989) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)).  The Complaint does not indicate how long Plaintiff's medical treatment was delayed while Baker and Oliveira drove him around in the patrol car.  Nonetheless, a gunshot wound to the back presents a

serious medical need likely requiring immediate medical assistance. Therefore, the Court will proceed this Fourteenth Amendment due process claim.

### 3. False Arrest and False Imprisonment

"To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman*, 47 F.3d at 634; *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)). "Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Merkel v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)).

To state a claim for false imprisonment, a plaintiff must establish: (1) that she was detained; and (2) that the detention was unlawful. *Id.* at 682-83 (citing *Wallace v. Kato*, 549 U.S. 384, 389 (2007)). A false imprisonment claim based on arrest without probable cause is grounded in the Fourth Amendment's guarantee against unreasonable seizures. *Id.* at 683 (citing *Groman*, 47 F.3d at 636). A false imprisonment ends once the victim becomes held pursuant to legal process such as arraignment. *Wallace*, 549 U.S. at 390. "From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." *Id.* (quoting W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts § 119, at 888.)

Plaintiff did not use the phrases "false arrest," "false imprisonment" or "malicious prosecution" in his Complaint, but the Court must liberally construe *pro se* pleadings. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (liberally construing *pro se* complaint). Plaintiff's

8

allegations of false testimony, falsifying reports, planting and tampering with evidence, and improper interrogation techniques suggest Plaintiff may be asserting Fourth Amendment violations for unlawful seizure of his person, beginning with his arrest and continuing through his criminal proceedings. According to the Complaint, testimony was given before a grand jury, but the present stage of the criminal proceedings is unclear.

Plaintiff has established the first element of a false arrest claim, that an arrest was made. Plaintiff's allegations regarding the second element, arrest without probable cause, are wholly conclusory. Plaintiff has not identified why he was arrested, the content of the reports that were allegedly falsified or the content of any false testimony. He has not alleged any facts stating a plausible claim that evidence was planted or tampered with, nor has he described the substance of the allegedly improper interrogation. Therefore, the Court will dismiss Plaintiff's false arrest and false imprisonment claims without prejudice for failure to state a plausible claim for relief.

### 4. Malicious Prosecution

"To prove malicious prosecution under [§] 1983, a plaintiff must show that:

> (1) the defendants initiated a criminal proceeding;
>
> (2) the criminal proceeding ended in plaintiff's favor;
>
> (3) the proceeding was initiated without probable cause;
>
> (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and
>
> (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."

*Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)). "[A] malicious prosecution claim cannot be predicated on an

underlying criminal proceeding which terminated in a manner not indicative of the innocence of the accused." *Id.* at 187. Favorable termination can be shown where the criminal proceeding terminated by (1) discharge at a preliminary hearing; (2) the grand jury refused to indict; (3) the indictment or information was quashed; (4) acquittal; or (5) a final order in favor of the accused by a trial or appellate court. *Id.* (citing *Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002)) (additional citations omitted).

Plaintiff has not alleged favorable termination of his underlying criminal proceeding. Therefore, the Court will dismiss Plaintiff's malicious prosecution claim without prejudice.

        5.      <u>Due Process</u>

The Fourth Amendment forbids detention without probable cause, but the protection extends only until trial. See Halsey v. Pfeiffer, 750 F.3d 273, 291 (3d Cir. 2014)). A defendant has a stand-alone claim under section 1983 based on the Fourteenth Amendment, if he has been convicted at trial based on fabricated evidence; and there is a reasonable likelihood that, without the use of that evidence, the defendant would not have been convicted. *Id.* In contrast, the Due Process Clause of the Fourteenth Amendment "protects defendants during an entire criminal proceeding through and after trial." *Id.* (citing *Pierce v. Gilchrist*, 359 F.3d 1279, 1285-86 (10th Cir. 2004)). Courts must decide whether a claim that defendants fabricated evidence can be grounded on the Due Process Clause of the Fourteenth Amendment. *Id.* at 292.

Plaintiff's due process claims suffer the same deficiency as his false arrest and false imprisonment claims; they are wholly conclusory. Plaintiff has not alleged facts supporting his claims that defendants falsified or tampered with evidence, gave false testimony or used improper interrogation techniques to obtain evidence against him. Moreover, Plaintiff has not stated whether

he has been tried and convicted of the crime upon which he was arrested. Plaintiff's due process claims will be dismissed without prejudice.

6. The City of Newark

Plaintiff seeks to hold the City of Newark liable under § 1983 for the alleged constitutional violations of its employees.

> When a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom.

*Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978).

Plaintiff has not asserted that the alleged excessive force, delay in medical treatment, false arrest, false imprisonment or malicious prosecution by the individual defendants resulted from the implementation or execution of a policy or regulation of the City of Newark, nor by a policy adopted by custom. Therefore, the Court will dismiss without prejudice the § 1983 claims against the City of Newark.

E. State Law Claims

1. Criminal Code

Plaintiff alleges Captain Perez and Officers Barry and Oliveira committed acts of official misconduct under N.J.S.A. 2C:30-1 to 6. "Violations of the New Jersey criminal code 'are left to the agencies charged with the enforcement of the criminal laws.'" *Washington v. Capital One Auto Finance, Inc.*, Civ. Action No. 2:10-cv-0484 (SDW), 2011 WL 2970964 (D.N.J. July 20, 2011) (quoting *In re Resolution of State Com. of Investigation*, 108 N.J. 35, 41 (1987) (quoting *Trisolini v. Meltsner*, 23 N.J. Super. 204, 208–09, 92 A.2d 832 (App. Div. 1952)). However, a New Jersey

criminal law may imply a private right of action. *In re State Com'n of Investigation*, 108 N.J. 35, 40-41 (1987). Under New Jersey law,

> to determine if a statute confers an implied private right of action, courts consider whether: (1) plaintiff is a member of the class for whose special benefit the statute was enacted; (2) there is any evidence that the Legislature intended to create a private right of action under the statute; and (3) it is consistent with the underlying purposes of the legislative scheme to infer the existence of such a remedy.

Beye v. Horizon Blue Cross Blue Shield of New Jersey, 568 F.Supp.2d 556, 571 (quoting R.J. Gaydos Ins. Agency, Inc. v. National Consumer Insurance Co., 168 N.J. 255 (2001)).

In *State v. Hinds*, 143 N.J. 540, 544-49 (1996), the New Jersey Supreme Court discussed the legislative intent and history of the crime of official misconduct. There is nothing to suggest the New Jersey legislature intended to create a private right of action. *Id.* The purpose of the statute, punishing malfeasance of public officials, would not be served by allowing citizens to bring claims for damages where such relief is available under other statutes such as the NJCRA. Plaintiff's claims under N.J.S.A. 2C:30-2 will be dismissed with prejudice.

    2.  New Jersey Civil Rights Act

Plaintiff raises claims under the NJCRA mirroring his § 1983 claims. "Courts have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart: Section 1983." Chapman v. N.J., Civ. No. 08-4130 (AET), 2009 WL 2634888, at *3 (D.N.J. Aug. 25, 2009) (citations omitted). As discussed above, Plaintiff's Complaint does not allege sufficient facts to state a plausible § 1983 claim for false arrest, false imprisonment or due process based on false evidence used at trial. Therefore, the Court will also dismiss without prejudice Plaintiff's identical claims under the NJCRA. Plaintiff's excessive force claims and delay of medical treatment claims may proceed under the NJCRA.

12

III.   CONCLUSION

For the reasons discussed above, the Court will dismiss with prejudice Plaintiff's § 1983 claims against the Newark Police Department, and his claims under N.J.S.A. 2C:30-2.  Plaintiff's excessive force and delay in medical treatment claims may proceed past screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The remainder of Plaintiff's claims will be dismissed without prejudice.

An appropriate order follows.                                s/ John Michael Vazquez
                                                                                    JOHN MICHAEL VAZQUEZ
                                                                                    United States District Judge
Date: November 10, 2016