NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DONALD EASTERLING,

            Plaintiff,

v.

RICHARD PEREZ, *et al*.,

            Defendants.

Civil Action No. 16-4463 (JMV)

**OPINION**

APPEARANCES:

DONALD EASTERLING
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey 08625
    Plaintiff, *pro se*

WILSON D. ANTOINE, Esq.
City of Newark, Department of Law
920 Broad Street, Room 316
Newark, New Jersey 07102
    On behalf of Defendants Richard Perez, Barry Baker, and Joao Oliveira

VAZQUEZ, District Judge

      Plaintiff Donald Easterling, an inmate presently confined in New Jersey State Prison, filed this civil rights action on July 22, 2016. (ECF No. 1.) This matter is now before the Court upon the motion to dismiss by Defendants Barry Baker, Joao Oliveira, and Richard Perez ("the Newark Defendants") (ECF No. 18); Plaintiff's brief in opposition to the motion to dismiss (ECF No. 27); and the Newark Defendants' reply. (ECF No. 28.)

I. BACKGROUND

Upon screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court permitted Plaintiff's excessive force and delay in medical care claims, under 42 U.S.C. § 1983 and its counterparts under the New Jersey Civil Rights Act ("NJCRA"), to proceed against Defendants Barry Baker, Joao Oliveira, and Richard Perez. (ECF Nos. 7, 8.) In his Complaint, Plaintiff alleged the following facts, accepted as true for the purpose of ruling on the Newark Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] On July 30, 2014, around 3:00 p.m., Plaintiff went to a 99 Cent Zone store ("the Store") on 303 Clinton Avenue in Newark, New Jersey. (ECF No. 1, ¶6(3.)) The Store owner and two accomplices attacked Plaintiff and beat him on the head and face, without cause. (*Id.*) Captain Richard Perez of the Newark Police Department arrived and shot Plaintiff in the back through the glass window of the store. (*Id.*, ¶6(4.)) While bleeding profusely from the gunshot wound, Plaintiff was handcuffed and placed in the back of a patrol car. (*Id.*, ¶6(7.)) Officers Barry Baker and Joao Oliveira of the Newark Police Department drove Plaintiff around in the patrol car instead of immediately taking him to the hospital. (*Id.*, 6(8.))

II. FACTS FROM THE CRIMINAL PROCEEDINGS SUBMITTED BY DEFENDANTS

The Newark Defendants submit the following facts in support of their motion to dismiss the Complaint. Plaintiff was indicted for attempted murder, three counts of robbery, unlawful possession of a weapon, possession of a weapon for unlawful purpose, possession of a large capacity ammunition magazine, and five counts of aggravated assault. (Certification of Wilson D. Antoine, ¶3 ("Certif. Antoine"); ECF No. 18-4 at 2T21:6-12). The Honorable Siobhan A. Teare,

---

[1] The Court must accept all plausibly alleged facts in a complaint as true when ruling on a Rule 12(b)(6) motion to dismiss. *See, e.g.*, *Iqbal*, 556 U.S. at 682-83 (legal conclusions must be ignored before Court identifies plausibly alleged facts).

J.S.C., presided over Plaintiff's criminal trial. (ECF No. 18-4 at 1.) On December 1, 2017, Judge Teare held a Miranda hearing and reviewed the facts concerning Plaintiff's arrest, hospitalization, discharge from the hospital, and interrogation. (ECF No. 18-3). Plaintiff did not testify or offer witnesses on his behalf at trial. (ECF Nos. 18-4 – 18-7.) On July 30, 2014, Plaintiff pled guilty to second-degree possession of a weapon by a convicted felon. (ECF No. 18-7 at 7T34:17-21; 7T39:23 to 40:8.) On December 13, 2016, a jury found Plaintiff guilty of robbery, unlawful possession and unlawful use of a gun, using the gun to assault or threaten the Store's occupants, aggravated assault of Mr. Darby and Officer Dominguez, and possession of a large capacity ammunition magazine. (ECF No. 18-7 at 7T27:5 to 29:22.) Plaintiff had not yet been sentenced when Respondents' filed the present motion to dismiss. (ECF No. 18-2, ¶4.)

According to the testimony at trial, Plaintiff went into the Store on July 30, 2014, in the presence of Mr. Darby, the Store's Owner, and others, one of whom was James Harris. (ECF No. 18-5 at 3T80:7 to 82:1; 3T116:2-5)). Plaintiff pulled a gun out of his bag, and told everyone to get on the floor. (*Id.* at 3T81:15 to 82:1; 3T116:2-5.) Mr. Harris was able to escape through the front door, lock it, and go for help. (*Id.* at 3T81:10 to 82:22.) Mr. Darby ignored Plaintiff's command to drop to the floor. (*Id.* at 3T115:18 to 116:14.) Plaintiff responded by putting the gun to Mr. Darby's head and cocked the trigger. (*Id.* at 3T114:20-22.) Plaintiff robbed the occupants of the Store. (*Id.* at 3T116:15 to 117:6.)

In the meantime, Mr. Harris found Officer Perez nearby and told him of the armed robbery. (*Id.* at 3T36:6 to 37:21; 3T82:20 to 84:13.) They proceeded to the front door of the Store, which was made mostly of plexi-glass. (*Id.* at 3T43:14 to 44:3; 3T44:14-21; 3T45:16 to 46:2.) As they approached the front door from the outside, Plaintiff was approaching from the inside, and Officer Perez saw that Plaintiff had a gun pointed at them. (*Id.* at 3T43:14 to 44:3.) Officer Perez fired

two shots at Plaintiff through the door. (*Id.*) The plexi-glass door did not shatter. (*Id.* at 3T50:25 to 51-7.) Unbeknownst to Officer Perez, a piece of the bullet hit Plaintiff in the back when he turned. (*Id.* at 3T6:-9 to 70:23.) Shortly after the shots were fired, Officer Dominguez arrived on the scene and began to assist Officer Perez in opening the plexi-glass door. (*Id.* at 3T71:21 to 72:6.) Meanwhile, Mr. Darby saw that Plaintiff had been wounded, and he enlisted the help of other occupants of the Store to attack Plaintiff. (*Id.* at 3T128:17 to 130:6.) They tried to wrestle the gun from Plaintiff's hand. (*Id.* at 3T147:14-19.) Plaintiff resisted and moved towards the front door of the Store. (*Id.*)

Meanwhile, Officers Baker and Dominguez tried to gain entry to the Store after Officer Baker fired two shots. (*Id.* at 3T47:3 to 48:19.) The robbery victims in the Store then successfully tossed Plaintiff to the ground. (*Id.*; 3T53:1 to 16.) At this point, Plaintiff shot Officer Dominguez in the knee. (*Id.*) Officer Baker then entered the Store. (*Id.* at 3T161:14 to 20.) After Plaintiff was subdued by the Store occupants, Officer Baker handcuffed Plaintiff. (*Id.*) As he was walking Plaintiff to a police car, Baker noticed for the first time that Plaintiff was bleeding profusely from the back. (*Id.*) He put Plaintiff in the police car and began to drive to the hospital, but on the way, he saw an ambulance and waived down the driver. (3T164:17 to 166:21.) The EMS driver preliminarily treated Plaintiff and then transported him to University Hospital. (*Id.*) Officer Baker arranged for police escorts and blocked traffic to expedite Plaintiff's transportation to the hospital. (*Id.*) Plaintiff was discharged from the hospital at 6:55 p.m. (*Id.* at 1T8:17 to 9:4.)

III. ARGUMENTS

The Newark Defendants argue that (1) Plaintiff's claims are implausible based on his convictions and the facts adjudicated in Plaintiff's criminal trial, as reflected in judicially-noticeable transcripts; (2) Plaintiff does not have a legally cognizable claim for punitive damages;

4

(3) the claim against Officer Perez is barred by the *Heck* Doctrine; (4) the claims against Officers Baker and Oliveira lack the required particularity; (5) all claims against Officer Oliveira should be dismissed with prejudice because Plaintiff is estopped from contradicting the transcripts of his criminal trial under the *Heck* bar, collateral estoppel, *res judicata*, and judicial estoppel; (6) in light of Plaintiff's conviction, and facts adjudicated pursuant to that conviction, Plaintiff cannot state an excessive force claim against Officer Perez; (7) Officer Perez is immune from suit under the qualified immunity and the emergency doctrines; (8) Officer Baker did not delay in providing medical treatment to Plaintiff and did not use excessive force, based on the facts adjudicated in Plaintiff's criminal trial; (9) Officer Baker is immune from suit under the qualified immunity and the emergency doctrines.

Plaintiff opposed the motion to dismiss. (Pl's Brief, ECF No. 27.) In support, Plaintiff offers eight exhibits in support of his excessive force claim: (1) a photo of the front of the Store; (2) grand jury hearing transcripts; (3) a crime scene unit report; (4) a photo of plexi-glass; (5) a ballistic report; (6) medical records from University Hospital, Newark, NJ; (7) transcripts of R. Perez; and (8) transcripts of D. Dominguez. (ECF No. 27 at 2.)

The Newark Defendants filed a reply brief. (ECF No. 28.) They assert Plaintiff cannot attack his conviction or sentence through an action under 42 U.S.C. § 1983. (*Id.* at 2.)

IV.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), courts may dismiss a complaint for failure to state a claim upon which relief may be granted. A plaintiff, however, need only present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Palakovic v. Wetzel*, 854 F.3d 209, 219 (3d Cir. 2017) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original)).

To survive a Rule 12(b)(6) motion to dismiss, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). A claim is plausible if it contains sufficient facts for "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* When assessing the sufficiency of a complaint on a motion to dismiss under Rule 12(b)(6), courts should first determine the elements a plaintiff must plead to state a claim, and second, identify allegations that are no more than conclusions, which are not entitled to the assumption of truth. *Palakovic*, 854 F.3d at 220 (quoting *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (internal quotation marks omitted) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). Third, courts should assume well-pleaded factual allegations are true and "then determine whether they plausibly give rise to an entitlement for relief." *Id.*

In deciding a Rule 12(b)(6) motion to dismiss "[a] court may also look to exhibits attached to the complaint, [and] matters of public record. . . ." *Pearson v. Tanner*, 513 F. App'x 152, 154 n.2 (3d Cir. 2013) (quoting *McTernan v. City of York, Penn.*, 577 F.3d 521, 526 (3d Cir. 2009) (citing *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004)). If matters outside the pleading are presented on a motion to dismiss, and are considered by the court, the motion must be treated as a motion for summary judgment under Rule 56, and all parties must be given an opportunity to present all pertinent material. Fed. R. Civ. P. 12(d).

The Third Circuit allows courts to consider matters of public record when ruling on a motion to dismiss. *In re Rockefeller Center Properties, Inc. Sec. Litig.*, 184 F.3d 280, 292-93 (3d

Cir. 1999). Judicial proceedings are public records of which courts may take judicial notice. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). Matters of public record have been limited to criminal case dispositions such as convictions or mistrials, letter decisions of government agencies and published reports of administrative bodies. *Id.* at 293 (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (taking judicial notice of bankruptcy court opinion).

"[J]udicial noticing the existence of a published opinion is proper to resolve a 12(b)(6) motion." *Southern Cross*, 181 F.3d at 427, n.7. Nonetheless, the Third Circuit did not call into question its earlier holding that when "a court . . . examines a transcript of a prior proceeding to find facts [it] converts a motion to dismiss into a motion for summary judgment." *Id.* (citing *Kauffman v. Moss*, 420 F.2d 1270, 1274-75 (3d Cir. 1970)). Thus, there is a distinction between "judicially noticing the existence of prior proceedings and judicially noticing the truth of facts averred in those proceedings." *Id.* (citing 21 Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice & Procedure: Evidence § 5106, at 247 (1999 Supp.). An analogy is the hearsay rule, which allows an out-of-court statement to be admitted into evidence for purposes other than establishing the truth of the statement. *Id.*; *see also Colonial Leasing Co., Inc. v. Logistics Control Group Int'l*, 762 F.2d 454, 459 (5th Cir.1985) (making the distinction between existence and truth). Additionally, where an affidavit is filed in opposition to a pending motion to dismiss, it is clearly a matter outside the pleading "which, if not excluded by the court, required the court to convert the pending motions to dismiss into motions for summary judgment." *Rose v. Bartle*, 871 F.2d 331, 339 n.3 (3d Cir. 1989).

V.   ANALYSIS

   A. <u>The plausibility of Plaintiff's claims based on the facts adjudicated in Plaintiff's criminal trial and his convictions, as reflected in judicially noticeable transcripts</u>

The Newark Defendants argue that when the testimony at Plaintiff's trial and the fact of his criminal convictions are considered, the claims in Plaintiff's complaint are no longer plausible. While this Court may take judicial notice of public records, including Plaintiff's criminal convictions and the existence of the trial transcripts, in deciding a Rule 12(b)(6) motion to dismiss, the Court may not go so far as to take judicial notice of the truth of the facts set forth in the transcripts. *See Southern Cross*, 181 F.3d at 427, n.7. Therefore, this Court takes judicial notice only of the fact that Plaintiff was found guilty by a jury of the following:

> • Aggravated assault (serious bodily injury) on Dennis Dominguez;
>
> • Aggravated assault (purposely, knowingly and recklessly caused bodily injury) on Dennis Dominguez;
>
> • On July 30, 2014, in the City of Newark, [Plaintiff], in the course of committing a theft upon 99 Cent Zone, did inflict bodily injury or use force against the occupants of the store or did threaten the occupants of the store with, or purposely put them in fear of immediate bodily injury;
>
> • In the course of committing the robbery . . . [Plaintiff] use[d], threaten[ed] the immediate use of, or was . . . armed with a deadly weapon;
>
> • On July 30, 2014, in the City of Newark, [Plaintiff], in the course of committing a theft upon 99 Cent Zone, did inflict bodily injury or use force against Lloyd Darby, or did threaten Lloyd Darby with, or purposely put him in fear of immediate bodily injury [robbery];
>
> • In the course of committing the robbery . . . [Plaintiff] use[d], threaten[ed] the immediate use of, or was . . . armed with a deadly weapon;
>
> • Unlawful possession of a handgun;
>
> • Possession of a handgun for unlawful purpose; and

• Possession of a large capacity ammunition magazine.

(ECF No. 18-7 at 7T27:5 to 29:20.) The Court does not take judicial notice of the underlying evidence set forth in the criminal trial transcript.

In the Complaint, Plaintiff alleges that Officer Perez used excessive force by shooting Plaintiff in the back through the Store window while Plaintiff was being attacked by the Store owner without cause. (ECF No. 1, ¶6.) "A cause of action exists under § 1983 when a law enforcement officer uses force so excessive that it violates the Fourth and Fourteenth Amendments to the United States Constitution." *Groman v. Township of Manalpan*, 47 F.3d 628, 633-34 (3d Cir. 1995) (citing *Brown v. Borough of Chambersburg*, 903 F.2d 274, 277 (3d Cir. 1990)). A police officer must use objectively reasonable force to effectuate an arrest. *Id.* at 634 (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Reasonableness is determined based on the facts of the particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight. *Id.* (citing *Graham*, 490 U.S. at 397).

The fact of Plaintiff's conviction for robbing the Store while using, threatening immediate use of, or armed with a deadly weapon certainly weighs in favor of the reasonableness of Officer Perez's use of force, but without more, it does not preclude a plausible claim of excessive force at the pleading stage. For example, if Officer Perez knew Plaintiff had been disarmed and no longer posed a serious threat to others at the time Officer Perez shot Plaintiff, the force used may not have been objectively reasonable. The Court denies the motion to dismiss the excessive force claim against Officer Perez. For consideration of matters outside the pleadings or of matters that the Court may properly consider on a motion to dismiss, Defendants may file a proper motion for summary judgment under Federal Rule of Civil Procedure 56.

B.      Plaintiff's claim for punitive damages

Plaintiff sued the Newark Defendants in their official and individual capacities. (ECF No. 1 at 6.) "Official capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 1978). "Local governing bodies (and local officials sued in their individual capacities) can . . . be sued directly under § 1983 for monetary, declaratory and injunctive relief." *Monell*, 436 U.S. at 690.

The Newark Defendants assert that Plaintiff, as a matter of law, cannot seek punitive damages under the NJCRA or § 1983 because municipalities are immune from punitive damages. (ECF No. 18-8 at 17-18.) There is no municipal liability, and therefore no liability of local officials in their official capacities, for punitive damages under § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (punitive damages are not recoverable against a municipality under § 1983). Thus, Plaintiff cannot assert a claim for punitive damages against the Newark Defendants in their official capacities under § 1983. However, Plaintiff may seek punitive damages against the Newark Defendants in their individual capacities, and the Court will not strike the claim for punitive damages from the Complaint. *See e.g. Keenan v. City of Philadelphia*, 983 F.2d 459, 464, n.3 and 469-71 (3d Cir. 1992).

In 2011, the Superior Court of New Jersey, Appellate Division, citing *City of Newport*, acknowledged that punitive damages are not recoverable under Section 1983 against municipalities. *Massey v. City of Atlantic County*, 2011 WL 1161000, at *6, n.9 (N.J. Super. Ct. App. Div. Mar. 31, 2011). Yet, the Appellate Division declined to interpret "the NJCRA's spectrum of damages . . ." *Id*. Therefore, the Court will not strike Plaintiff's request for punitive damages under the NJCRA.

C. The *Heck* Doctrine

The Newark Defendants contend the *Heck* doctrine bars Plaintiff's excessive force claim against Officer Perez. (ECF No. 18-8 at 18-19.) Specifically, they assert the *Heck* doctrine bars Plaintiff from alleging that he was an innocent victim shot by Officer Perez for no reason, because he was convicted of robbing the Store at gunpoint, assaulting its occupants, and shooting an officer in the course of an arrest. (*Id.* at 19.)

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the U.S. Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

While the Court agrees that Plaintiff's convictions are contrary to his claim that the Store owner was assaulting him without cause at the time Officer Perez shot Plaintiff, this does not bar Plaintiff from stating an excessive force claim under *Heck*. A Fourth Amendment excessive force reasonableness inquiry is objective, so the question . . . is whether [the officer's] actions in effectuating the arrest were objectively reasonable. *Nelson v. Jashurek*, 109 F.3d 142, 145 (3d Cir. 1997). Even if Plaintiff robbed the Store, assaulted the occupants, and assaulted an officer, Plaintiff might conceivably still present facts indicating that Officer Perez knew Plaintiff no longer posed a threat at the time Officer Perez shot him, without calling into question his convictions. Therefore, the *Heck* doctrine does not bar Plaintiff's excessive force claim against Officer Perez.

D. Claims Against Officers Baker and Oliveira

The Newark Defendants argue that Plaintiff has failed to allege sufficient facts to state a § 1983 claim against Officers Baker and Oliveira for handcuffing him after he was shot in the back, and for delay in transporting him to the hospital for treatment of the gunshot wound. (ECF No. 18-8 at 19-23.) Defendants are correct that Plaintiff did not identify whether it was Officer Baker or Officer Oliveira who handcuffed him, or which officer allegedly drove him around before taking him to the hospital, how long the delay was, or what risk of injury was caused by the delay. (ECF No. 1.)

Although the Complaint lacked clarity, in allowing the claims to proceed past screening pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court inferred that Plaintiff alleged both Officers Baker and Oliveira were involved in handcuffing Plaintiff, placing him in the police car, and driving him around before taking him to the hospital for treatment.[2] (ECF Nos. 7, 8.) Plaintiff alleged he was bleeding profusely from a gunshot wound, thus, the Court inferred even a short delay in treatment potentially posed a serious risk of injury. Although facts adduced at Plaintiff's criminal trial may call these inferences into question, for the purpose of ruling on this motion to dismiss, the Court cannot consider the trial transcripts for the truth of the facts asserted therein. The Court may consider the fact of Plaintiff's convictions, but his convictions do not preclude him from stating a claim for excessive force against officers for handcuffing him after he was shot in the back, or for deliberate indifference to his serious medical needs by driving him around in the police car before taking him to a hospital for treatment while he was bleeding profusely from a gunshot wound. *See e.g. Flood v. Schaefer*, 367 F. App'x 315, 319 (3d Cir. 2010) (an excessive force claim may arise if police were aware arrestee had a severe back injury and handcuffed him in a manner that caused

---

[2] "'[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

excessive pain and suffering); *see Jennings v. Fetterman*, 197 F. App'x 162, 165 (3d Cir. 2006) (an arrestee in the custody of government officials is required to be given medical care for his wounds, and delay of such care can constitute "'deliberate indifference to a serious medical need,' as proscribed by the Eighth and Fourteenth Amendments" (quoting *Monmouth County Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346-37 (3d Cir. 1987)). Therefore, the Court will deny the Newark Defendants' motion to dismiss. Defendants, or course, may bring a motion for summary judgment regarding information which the Court cannot consider at the motion to dismiss stage.

E. Collateral Estoppel

The Newark Defendants next argue that Plaintiff's allegations are barred by collateral estoppel because "a jury ruled on the exact factual issues that Plaintiff now raises in the Complaint" and "Plaintiff failed to oppose or dispute the testimony and evidence offered in his criminal trial." (ECF No. 18-8 at 25.) They conclude Plaintiff is bound by the facts found in his criminal trial, including: (1) that they were justified in shooting Plaintiff and handcuffing him; (2) that he received timely medical treatment; and (3) Officer Oliveira was not involved. (*Id.* at 25-26.)

"In determining the collateral estoppel effect of a prior state court criminal proceeding," courts "look to the law of the state where the criminal proceeding took place." *M.B. ex rel. T.B. v. City of Philadelphia*, 128 F. App'x 217, 224 (3d Cir. 2005).

> New Jersey courts apply a five-pronged test to determine whether collateral estoppel should bar relitigation of an issue: (1) the issue must be identical; (2) the issue must have actually been litigated in a prior proceeding; (3) the prior court must have issued a final judgment on the merits; (4) the determination of the issue must have been essential to the prior judgment; and (5) the party against whom collateral estoppel is asserted must have been a party or in privity with a party to the earlier proceeding.

13

*Delaware River Port Authority v. Fraternal Order of Police*, 290 F.3d 567, 573 (3d Cir. 2002) (citing *In re Estate of Dawson*, 136 N.J. 1 (1994)). "Issue preclusion is proper when factual differences 'are of no legal significance whatever in resolving the issue presented in both cases.'" *Id.* (quoting *United States v. Stauffer Chem. Co.*, 464 U.S. 165, 174 (1984)).

The issues decided in Plaintiff's criminal proceedings are: (1) Plaintiff made a voluntary statement to police on the evening of July 30, 2014, and (2) Plaintiff was found guilty of the offenses of which the Court took judicial notice above. (ECF No. 18-3 at 1T; 18-7 at 7T27:5 to 7T29:20.) None of the issues decided in Plaintiff's criminal proceedings are identical to the issues presented here: excessive force and delay in providing medical treatment. *See e.g. Flood v. Schaefer*, 367 F. App'x 315, 318 (3d Cir. 2010) (plaintiff's Fourth Amendment excessive force during his pretrial detention claim was not litigated in his suppression hearing where the issue was whether police administered proper Miranda warnings required by the Fifth Amendment). Therefore, collateral estoppel does not bar Plaintiff's claims.

F. <u>*Res Judicata*</u>

The Newark Defendants contend Plaintiff's claims are barred by *res judicata* because (1) there was a final judgment of conviction on the merits in Plaintiff's prior criminal prosecution; (2) Plaintiff was a party to the prior proceedings and the defendant officers were in privity with the State as the prosecutor, and Officers Baker and Perez testified in the proceedings; and (3) the criminal matter was based on the exact same facts. (ECF No. 18-8 at 27-28.)

"*Res judicata*, also known as claim preclusion, bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." *Duhaney v. Attorney General of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010) (citation omitted). "A party seeking to invoke *res judicata* must establish three elements: '(1) a final judgment on the merits in a prior

suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'" *Id.* (quoting *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)). *Res judicata* also bars claims that could have been brought in the first action. (*Id.*) However, *res judicata* "simply does not apply when the first action is criminal and the second action is civil" because a defendant may not assert a civil counterclaim in a criminal proceeding; therefore, he "had no opportunity to raise his claims in the prior proceeding." *Sibert v. Phelan*, 901 F. Supp. 183, 186 (D.N.J. Sept. 21, 1995) (citing *e.g. Hernandez v. City of Los Angeles*, 624 F.2d 935, 937 (9th Cir. 1980)); *see also Flood v. Schaefer*, 367 F. App'x 315, 319 (3d Cir. 2010) (finding plaintiff's claims were not barred by preclusion principles because Plaintiff could not be expected to raise excessive force claims in his criminal suppression hearing unrelated to the voluntariness of his confession.) Therefore, the Court denies the motion to dismiss based on res judicata.

      G.    <u>Claims against Officer Oliveira</u>

The Newark Defendants argue that all claims against Officer Oliveira should be dismissed with prejudice because the trial transcripts show that he was not involved in Plaintiff's handcuffing or the provision of medical services to him. As the Court stated above, in ruling on a Rule 12(b)(6) motion to dismiss, a court cannot consider the testimony in a trial transcript as to the truth of the matters asserted therein. Defendants may assert such arguments in a properly filed motion for summary judgment.

Defendants further contend that Plaintiff's claims against Officer Oliveira are precluded by judicial estoppel. (ECF No. 18-8 at 28-29.) Defendants argue that:

> Plaintiff pled guilty to unlawful possession of a weapon in order to avoid the burden and expense of trial and to gain a more favorable sentence. Accordingly, even if Plaintiff's allegations concerning Oliveira's involvement in Plaintiff's arrest were accurate, Oliveira would still not be liable because any use of force would be a reasonable response to Plaintiff's possession of a firearm. Similarly,

15

any delay in medical treatment would still not be supported by sufficient well-pleaded facts.

(*Id.* at 29.)

"Judicial estoppel, sometimes called the 'doctrine against the assertion of inconsistent positions,' is a judge-made doctrine that seeks to prevent a litigant from asserting a position inconsistent with one that she has previously asserted in the same or in a previous proceeding." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 358 (3d Cir. 1996). "'The basic principle ... is that absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory.'" *Id.* (quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4477 (1981), p. 782.)

Although Plaintiff may be judicially estopped from arguing that he did not possess a gun when he committed the crimes he committed on July 30, 2014, he is not estopped from arguing that the circumstances surrounding his handcuffing upon his arrest constituted excessive force. Further, the fact that Plaintiff possessed a gun when he committed the crimes does not bar Plaintiff from alleging delay in the provision of medical treatment for his gunshot wound after he was arrested. For these reasons, the Court denies the motion to dismiss claims against Officer Oliveira based on judicial estoppel.

### H. Qualified immunity and the Emergency Doctrine

#### 1. Officer Perez

The Newark Defendants maintain that, based on the facts presented at Plaintiff's trial, Officer Perez is entitled to qualified immunity and immunity under the Emergency Doctrine. (ECF No. 18-8 at 35-36.) They specifically assert Officer Perez is entitled to qualified immunity pursuant to *Carswell v. Borough of Homestead*, 381 F.3d 235 (3d Cir. 2004).

16

In *Carswell*, the officer who shot the plaintiff upon his arrest was entitled to qualified immunity. After the officer arrived on duty as the officer in charge, he received reports that a woman had armed herself with a knife after her husband violated a restraining order four times over a span of several hours. *Id.* at 243. The husband had escaped from an armed policeman and "the chase was still underway." *Id.* Then, the husband ran at full speed directly toward the officer's police car, and ignored orders to stop. *Id.* The officer held his fire until the muzzle of the gun was two feet away from the husband. *Id.* After the shooting, it was determined that the husband was unarmed, but the officer denied knowing that at the time, and there was no evidence to the contrary. *Id.* The Third Circuit held that under these circumstances, a reasonable officer could believe that firing at the suspect was a proper response. *Id.* Defendants assert *Carswell* is dispositive because in this case because Plaintiff was armed, only feet away from Officer Perez, and shot another officer. (*Id.* at 37.)

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is immunity from suit, and should be resolved as early as possible. *Id.* at 237. It protects from suit "all but the plainly incompetent or those who knowingly violate the law." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

There are two steps for resolving qualified immunity claims, but the steps may be addressed in any sequence. *Pearson*, 555 U.S. at 232. A defendant has not violated a clearly established right unless the contours of that right were "sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating [the right.]" *Plumhoff v. Rickard*,

17

134 S.Ct. 2012, 2023 (2014) (citing *al-Kidd*, 131 S.Ct. 2074, 2083-84 (2011)). In other words, "'existing precedent must have placed the statutory or constitutional question' confronted by the official 'beyond debate.'" *Id.* Courts should not define clearly established law "at a high level of generality" because to do so avoids the question of whether the official acted reasonably in the particular circumstances. *Id.*

For a Fourth Amendment excessive force claim, "[a]ll of the events leading up to the pursuit of the suspect are relevant." *Carswell*, 381 F.3d at 243 (citing *Abraham v. Raso*, 183 F.3d 279, 292 (3d Cir. 1999)). Nevertheless, the facts this Court may consider in deciding the Rule 12(b)(6) motion are those alleged in the Complaint, to wit, that Officer Perez shot Plaintiff through the Store window while Plaintiff was being attacked by the Store owner and two others. The Court may also consider Plaintiff's criminal convictions regarding his actions at the Store. These limited facts do not permit the Court to find that the officer is entitled to qualified immunity at this stage.

As the Court noted above, the fact of Plaintiff's convictions does not rule out the possibility that Officer Perez shot Plaintiff after he no longer posed a threat. *See Carswell*, 381 F.3d at 243 ("a survey of the circumstances known to [the defendant officer] is necessary to properly apply the test" of whether it would have been clear to a reasonable officer that the defendant officer's conduct was unlawful in the situation the defendant officer confronted, and if it would have been clear, whether the defendant officer made a reasonable mistake.") The Court denies Officer Perez qualified immunity on the motion to dismiss, but Defendants may bring a motion for summary judgment regarding the consideration of other evidence.

Defendants also seek immunity for Officer Perez under New Jersey's common-law emergency doctrine. (ECF No. 18-8 at 35-38.) This doctrine is applicable to negligence claims under New Jersey law, and is not applicable in this § 1983 action. *See e.g. Viruet v. Sylvester*, 131

18

N.J. Super. 599, 602 (N.J. Super. Ct. App. Div. 1975) ("[t]he rule of law in determining negligence in this type of situation is that when one is confronted with an emergency, with no time for thought, or to weigh alternative courses of action, but must make a speedy decision based on impulse and instinct gained from experience, the finder of fact, using the reasonable man test, may absolve him from liability" *see e.g. Anastasopoulos v. Maloney*, 2010 WL 2471411, at *9-12 (N.J. Super. Ct. App. Div. June 21, 2010) (affirming where, after giving the negligence charge to the jury in a civil action, the court charged the jury on the sudden emergency doctrine, consistent with New Jersey Model Jury Charge (Civil), § 5.10G.) Thus, the Court denies the motion to dismiss the excessive force claim against Officer Perez based on the emergency doctrine because it is inapplicable to the counts in the Complaint.

2. <u>Officer Baker</u>

The Newark Defendants also seek dismissal of the excessive force claim against Officer Baker based on qualified immunity. They argue that

> [f]or the same reason that Captain Perez is not liable for excessive force, Sergeant Baker is not liable for using excessive force. Sergeant Baker acted both objectively and subjectively reasonable in handcuffing Plaintiff. At the time, Sergeant Baker was unaware that Plaintiff had been shot. Furthermore, despite having been shot, Plaintiff managed to wrestle and fight back against three individuals and shoot an officer in the knee. Officer Baker clearly used reasonable force in taking precautions by handcuffing Plaintiff. Officer Baker's actions, in any event, would be protected by qualified immunity and the Emergency doctrine.

The facts surrounding the handcuffing, taken from the trial transcript, are not properly before the Court on a Rule 12(b)(6) motion to dismiss. The Court denies the motion to dismiss the excessive force claim against Officer Baker based on qualified immunity.

VI.  CONCLUSION

For the reasons discussed above, the Court denies the Newark Defendants' motion to dismiss. The Newark Defendants may file a Rule 56 motion for summary judgment if they wish to present arguments based on evidence which the Court cannot consider at the motion to dismiss stage.

An appropriate Order follows.

Date: August 22, 2017
at Newark, New Jersey

                                          s/ John Michael Vazquez
                                          JOHN MICHAEL VAZQUEZ
                                          United States District Judge